UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATHRYN L. KUHANECK,

                       Plaintiff,                            **DECISION AND ORDER**

       v.

                                                       1:18-CV-00335 EAW

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
_____

## INTRODUCTION

Plaintiff Kathryn L. Kuhaneck ("Plaintiff") moves for attorneys' fees in the amount of $21,749.50, pursuant to 42 U.S.C. § 406(b).  (Dkt. 21).  The Commissioner of Social Security ("the Commissioner") does not object to Plaintiff's request.  (Dkt. 23).  For the reasons discussed below, the Court grants Plaintiff's motion.

## BACKGROUND

On March 13, 2018, Plaintiff filed this action, seeking review of the final decision of the Commissioner denying her application for Disability Insurance Benefits.  (Dkt. 1). Plaintiff moved for judgment on the pleadings on October 1, 2018 (Dkt. 11), and the Commissioner moved for judgment on the pleadings on November 30, 2018 (Dkt. 15).  By Decision and Order dated February 13, 2019, the Court denied the Commissioner's motion and granted Plaintiff's motion, remanding the matter for further administrative proceedings.  (Dkt. 17).

By Stipulation and Order filed on August 20, 2019, the parties agreed that Plaintiff's

counsel was entitled to $7,500.00 for services performed in connection with this action, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  (Dkt. 20).

After a supplemental hearing, the ALJ issued a fully favorable decision on May 29, 2020.  (*See* Dkt. 21-3).  Thereafter, the Commissioner issued a Notice of Award dated October 12, 2020, in connection with Plaintiff's DIB claim, indicating that 25% of Plaintiff's past-due benefits ($21,749.50) was withheld to pay Plaintiff's representative. (Dkt. 21-4 at 3).

On October 26, 2020, Plaintiff moved for attorneys' fees pursuant to 42 U.S.C. § 406(b).  (Dkt. 21).  Plaintiff's counsel seeks $21,749.50, which represents the statutory cap of 25% of the past-due benefits.  (*See* Dkt. 21-1 at 8; Dkt. 21-4 at 3).  Counsel states that if she receives the requested fee, she will refund to Plaintiff the $7,500.00 EAJA fee. (Dkt. 21-1 at 5).  The Commissioner filed a response, indicating that he has no objection to Plaintiff's counsel's fee request.  (*See* Dkt. 23).

## DISCUSSION

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25% of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v.*

*Barnhart*, 535 U.S. 789, 807 (2002).   This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."   *Id.* (citing § 406(b)).   "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."   *Id.*

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25% of the client's total past-due benefits.   "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17.   As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).   Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).   Also relevant are the following: (1) "the character of the representation and the results the representative achieved"; (2) "the amount of time counsel spent on the case"; (3) whether "the attorney is responsible for delay"; and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases."  *Gisbrecht*, 535 U.S. at 808.

- 3 -

Here, the Court finds the requested fee is reasonable.  The requested fee of $21,749.50 represents the 25% statutory cap identified by the SSA.  (*See* Dkt. 21-1 at 8; Dkt. 21-4 at 3).  As such, the requested fee falls within the statutory 25% cap.

The Court further finds the requested fee is not an amount so large as to be a windfall to counsel.  The requested fee would result in a *de facto* hourly rate of $394.73 ($21,749.50 divided by 55.1 hours).  Counsel's effective hourly rate falls well under the range of rates under § 406(b) approved by courts.  *See Buckley v. Berryhill*, No. 15-CV-0341-A, 2018 WL 3368434, at *2-3 (W.D.N.Y. July 10, 2018) (approving *de facto* hourly rate of $1,000.00); *Cieslik v. Berryhill*, No. 14-CV-430-A, 2018 WL 446218, at *3 (W.D.N.Y. Jan. 17, 2018) (approving *de facto* hourly rate of $792.44); *Rita M. B. v. Berryhill*, No. 5:16-CV-0262 (DEP), 2018 WL 5784101, at *6 (N.D.N.Y. Nov. 5, 2018) (approving *de facto* hourly rate of $644.48).

The Court also finds the remaining relevant factors weigh in favor of finding that counsel's requested fee is reasonable.  There is no evidence of fraud or overreaching in the making of the agreement.  Additionally, counsel was not responsible for any delay.  Further, counsel has provided effective representation.  Despite having her applications for benefits initially denied, due to counsel's efforts, Plaintiff secured a recovery of past-due benefits.  (*See* Dkt. 21-3; Dkt. 21-4).

The Court also notes that counsel is required to return the previously awarded EAJA fee of $7,500.00.  *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount

of the smaller fee. . . ."). Accordingly, in light of the above, the Court finds counsel's requested fee is reasonable.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's § 406(b) motion (Dkt. 21) for attorneys' fees is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees in the amount of $21,749.50, out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel is hereby directed to remit the previously awarded EAJA fee of $7,500.00 to Plaintiff.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

DATED:    November 11, 2020
              Rochester, New York